Argued October 14; affirmed December 6, 1932

WOHLENDER *v.* J. W. COPELAND YARDS ET AL.

(16 P. (2d) 642)

*Henry E. Perkins,* of Klamath Falls, for appellants.

*A. W. Schaupp,* of Klamath Falls, for respondent.

ROSSMAN, J. This is a suit wherein the plaintiff, after seeking judgment for two sums of money which he alleges he earned as a carpenter while engaged in the construction of a dwelling house, and also judgment for a third amount which he avers was earned by one Hansen, his assignor, as a carpenter, also employed upon the same building, prays for a decree establishing mechanics' liens in support of the sums due and their foreclosure. The complaint alleges that appropriate lien notices were timely filed. The answer denied that the plaintiff and Hansen were hired by the defendants to construct the building mentioned in the complaint, and all other circumstances alleged therein as a basis for the establishment of the liens. By way of new matter, it alleged that the plaintiff and the defendant, J. W. Copeland Yards, a corporation,

possessed liens upon the property mentioned in the complaint, that at that time the building was in an incomplete state of construction; that the plaintiff assigned his lien to the corporation which foreclosed it, as well as the one which it owned in its own right; that after entry of the decree the corporation, in order to avoid the statutory period of redemption, purchased the property, taking title in the name of defendant G. K. Cavenah, an officer of the corporation; that shortly thereafter an agreement was effected between the corporation and the plaintiff whereby the corporation agreed to supply the necessary building materials upon the plaintiff's credit, the plaintiff agreeing to complete the erection of the structure, sell the property and distribute the proceeds as follows: (1) Make payment to the Copeland Yards of the full sum due it for materials purchased by the plaintiff in completing the building; (2) pay the judgment obtained by the Copeland Yards upon its aforementioned lien, including the attorneys' fees and costs allowed to it; and (3) the balance to be kept by the plaintiff as satisfaction for his labor in completing the building and in payment of his aforementioned lien. The reply denied these allegations. Upon the trial it appeared that one Schultz had engaged the plaintiff to perform carpenter work in the erection of the aforementioned house, and had purchased the building materials from the Copeland Yards; that, upon his failure to pay the plaintiff and the Copeland Yards the amount of their charges, both filed liens; that subsequently the plaintiff assigned his lien to the Copeland Yards which obtained a judgment against Schultz upon the two items, but, instead of selling the property upon execution, purchased title for a modest sum, taking title in the name of the afore-

mentioned Cavenah. At this point conferences were held between one Quistad, representing the Copeland Yards, the plaintiff and Hansen, wherein they sought to effect an agreement for the completion of the house. The defendants contend that these conferences culminated in an agreement whereby the plaintiff and Hansen agreed to complete the house and purchase their materials from the Copeland Yards. The defendants also contend that, as a part of this agreement, the plaintiff agreed to seek a buyer for the property and after selling it to pay to the Copeland Yards (1) the amount of the judgment which it obtained in the first suit; (2) the price of the material supplied by them, pursuant to the agreement just mentioned; and (3) the attorneys' fees and costs allowed to the Copeland Yards in the first suit. According to its evidence, the balance was to belong to the plaintiff. At the conclusion of the trial in the present suit the court granted the plaintiff judgment for the three items alleged in his complaint and established a lien in his favor for the work done by the plaintiff subsequent to the original suit, and also for the work done by Hansen. The defendants appealed.

Counsel for the appellants frankly concedes that the disposition of this cause is dependent wholly on questions of fact. We have carefully read the transcript of testimony and have studied the exhibits. After having done so we have come to the same conclusion as that of the circuit court judge who tried this cause and saw the witnesses. We shall refrain from setting forth a review of the testimony and an explanation of the manner in which we came to our views beyond stating that the evidence renders it more reasonable to believe that the the defendants hired the plaintiff and

Hansen to complete the construction of the house rather than believe that the plaintiff and Hansen, who were men of very modest means and hard-pressed for cash, agreed to complete the building and seek payment for their services after all other items of expense had been fully discharged.

The decree of the circuit court is affirmed.

BEAN, C. J., RAND and KELLY, JJ., concur.